**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JONNATHAN ISRAEL CARDENAS-VIVAR,**<br>**Petitioner,**<br>**v.**<br>**TODD BLANCHE, *et al.*,**<br>**Respondents.** | **Case No. 26–cv–12466–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Jonnathan Israel Cardenas-Vivar's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1.)

1. Petitioner is a citizen of Ecuador. (*Id.* ¶ 1.) He entered the United States in 2022. (*Id.*)

2. The Department of Homeland Security (Department) arrested and detained petitioner in Delaney Hall Detention Facility. (*Id.* ¶¶ 3, 4.)

3. On September 21, 2026, petitioner submitted his Petition, arguing that he was being illegally detained pursuant to 8 U.S.C. § 1225(b). (*Id.* ¶ 26.)

4. On September 22, 2026, petitioner withdrew his request for a bond hearing before an immigration judge in order to give counsel more time to prepare. (ECF No. 4–1 pp. 3, 4.)

5. The immigration judge dismissed the bond request without prejudice on September 24, 2026. (ECF No. 4–2 pp. 1, 2.)

6. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

7. "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026).

8. "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress … ." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require ICE to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well." *Id.*

9. Petitioner withdrew his bond request on September 22, 2026 without prejudice to his right to file a new request. (ECF No. 4–1 pp. 3, 4.)

10. "Immigration detainees seeking to invoke this Court's habeas jurisdiction … must exhaust all administrative remedies before they may seek habeas relief in federal court." *Jelani B. v. Anderson*, No. 20–cv–06459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (citing *Duvall v. Elwood*, 336 F.3d 228, 233–34 (3d Cir. 2003)).

11. Petitioner is not being detained pursuant to 8 U.S.C. § 1225(b)(2) and can seek a bond hearing from an immigration judge when he is ready to do so.[1] Therefore, he must exhaust his administrative remedies before seeking habeas relief.

Accordingly,

**IT IS** on this **1st** day of **October 2026** **ORDERED** that:

1. Petitioner's § 2241 Petition is **DISMISSED WITHOUT PREJUDICE**.

2. Any restrictions imposed on petitioner's location are **LIFTED**.

[1] I note that petitioner's counsel also represents him before the immigration court. (ECF No. 4–1 p. 4.) Counsel withdrew petitioner's bond hearing request one day after arguing in the Petition that petitioner was subject to mandatory detention pursuant to 8 U.S.C. § 1225. (*Id.*) Despite knowing that petitioner was being detained pursuant to 8 U.S.C. § 1226 and that he had requested a bond hearing, counsel did not inform this Court of those developments. Counsel is reminded of their duty of candor to the Court and their obligations pursuant to Rule 11.

3. The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*

**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**